**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM NIBLE, RICKY REYES, RAYMOND GLASS, SHAWN MARTINEZ, JEAN-PAUL WILLIAMS, and ROBERT ARMENDARIZ,<br><br>                Plaintiffs,<br><br>  vs.<br><br>WARDEN et al.,<br><br>                Defendants.<br>_____/ | 1:08-cv-00627 LJO DLB PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR RICKY REYES, RAYMOND GLASS, SHAWN MARTINEZ, JEAN-PAUL WILLIAMS, and ROBERT ARMENDARIZ<br><br>[Doc. 1]<br><br>ORDER DIRECTING ALL PLAINTIFFS TO FILE AMENDED COMPLAINTS, AND PAY FILING FEE OR FILE APPLICATIONS TO PROCEED IN FORMA PAUPERIS |

I.    Severance of Plaintiffs' Claims

    Plaintiffs William Nible, Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams and Robert Armendariz ("plaintiffs") are proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs are currently incarcerated at Kern Valley State Prison in Delano, California. After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. The Federal Rules of Civil Procedure provide "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. Pro. 21. Courts have broad discretion regarding severance. See <u>Davis v. Mason County</u>, 927 F.2d

1473, 1479 (9th Cir. 1991).

In this court's experience, an action brought by multiple plaintiffs proceeding pro se in where one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, all six plaintiffs are incarcerated, and the need for the parties to agree on all filings made in this action and the need for all filings to contain the original signatures of all parties will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff William Nible will proceed in this action, while plaintiffs Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams and Robert Armendariz will each proceed in separate actions to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of cases to compensate for this reassignment.

Since the claims for each plaintiff will be severed, all plaintiffs shall file amended complaints containing his own separate claims only. Further, each plaintiff shall either pay the $350.00 filing fee in full or file an application to proceed in forma pauperis. If any plaintiff wishes to voluntarily dismiss his action, that plaintiff must notify the court within thirty days from the date of service of this order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff William Nible shall proceed as the sole plaintiff in case number 1:08-cv-00627 LJO DLB PC;

2. The claims of plaintiffs Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams and Robert Armendariz are severed from the claims of plaintiff William Nible;

3. The Clerk of the Court is directed to:

   a. Open a separate action for plaintiff Ricky Reyes;

   b. Open a separate action for plaintiff Raymond Glass;

   c. Open a separate action for plaintiff Shawn Martinez;

1        d.      Open a separate action for plaintiff Jean-Paul Williams;

2        e.      Open a separate action for plaintiff Robert Armendariz;

3        f.      Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of cases to compensate for such assignment;

         g.      File and docket a copy of this order in the five new actions opened;

         d.      Place a copy of the complaint filed on May 5, 2008 in the instant action in the new actions opened; and

         e.      Send plaintiffs Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams and Robert Armendariz an endorsed copy of the complaint, filed May 5, 2008, bearing the case number assigned to his own individual action;

4.      The Clerk of the Court shall send to each plaintiff an application to proceed in forma pauperis;

5.      Within **thirty (30) days** from the date of service of this order, each plaintiff shall file an amended complaint bearing his respective case number <u>and</u> either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his respective case number;

6.      In the alternative, if any plaintiff wishes to dismiss his action, that plaintiff must so notify the court within **thirty (30) days** from the date of service of this order; and

7.      <u>Failure to comply with this order will result in a recommendations that the action be dismissed</u>.


IT IS SO ORDERED.

    Dated:   **May 14, 2008**              /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE