# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN et al.,<br><br>    Defendant.<br>_____/ | CASE NO. 1:08-cv-00709 LJO DLB PC<br><br>ORDER STRIKING FIRST AMENDED COMPLAINT<br><br>(Doc. 8) |

    Plaintiff Ricky Reyes("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2008, plaintiffs Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams, Robert Armendariz and William Nible filed a complaint in Case No. 1:08-cv-00627 LJO DLB PC.  On May 21, 2008, the Court issued an order severing the claims so that each plaintiff is to proceed separately in his own action.  Each plaintiff was ordered to file an amended complaint in his own action .  Plaintiff Reyes is proceeding in this action bearing Case No. 1:08-cv-00709 LJO DLB PC.  On July 8, 2008, Plaintiff filed a first amended complaint ("FAC").

///
///
///
///
///

1   At the outset, the FAC is not signed by Plaintiff but by Inmate William Nible, who is not a party to this action. Every pleading must be signed by the attorney of record or by the party personally.[1] Fed. R. Civ. P. 11(a), Local Rule 7-131. Accordingly, the First Amended Complaint must be stricken from the record. Plaintiff will be provided with leave to file a Second Amended Complaint.

Furthermore, the allegations contained in the FAC continually refer to "all plaintiffs" and "Plaintiffs". Upon cursory review, the Court cannot determine which claims are those of Plaintiff Reyes. Plaintiff is again reminded that this is his action only and in filing his Second Amended Complaint, he must limit his complaint to his own claims, and not those of other inmates.

Plaintiff has also filed over twenty pages of exhibits with his FAC, many of which appear to refer only to Inmate Nible. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Conclusion

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's First Amended Complaint, filed July 8, 2008 is HEREBY ORDERED STRICKEN from the record;
2. Plaintiff shall file a Second Amended Complaint or a Notice of Voluntary Dismissal within thirty (30) days of service of this order; and
3. Failure to comply with this court order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **February 9, 2009**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Unless Inmate Nible is a lawyer, he may not represent Plaintiff in this action. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).