# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY REYES,<br><br>                    Plaintiff,<br><br>        v.<br><br>WARDEN, et al.,<br><br>                    Defendants. | CASE NO. 1:08-cv-00709-LJO-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br><br>(Doc. 19)<br><br>DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**I.     Screening Order**

Plaintiff Ricky Reyes("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2008, plaintiffs Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams, Robert Armendariz and William Nible filed a complaint in Case No. 1:08-cv-00627 LJO DLB PC.  On May 21, 2008, the Court issued an order severing the claims so that each plaintiff is to proceed separately in his own action.  Each plaintiff was ordered to file an amended complaint in his own action .  Plaintiff Reyes is proceeding in this action bearing Case No. 1:08-cv-00709 LJO DLB PC.  On July 8, 2008, Plaintiff filed a first amended complaint ("FAC").  On February 9, 2009, the Court ordered Plaintiff's FAC stricken while granting leave to file a second amended complaint.  On March 18, 2009, Plaintiff filed his second amended complaint.  (Doc. 19.)  Plaintiff's second amended complaint is presently before the Court for screening.  Plaintiff consented to jurisdiction by a United States Magistrate Judge (Doc. 7.) and no other party has appeared.

1

**A.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Second Amended Complaint**

Plaintiff is a state prisoner currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants: Warden; B. Gracewich; C. Pfeiffer; K. Spray; Christensen; Olsen; Garza; and various Does.

Plaintiff alleges that he does not have meaningful access to the courts. (Pl.'s Second Am. Compl. 3.) Plaintiff alleges that he does not receive adequate time to research potentially

2

1  meritorious claims; does not have legal research materials available; lack of space; lack of paper;
2  and other obstacles to photocopying.  (Pl.'s Second Am. Compl. 3.)  Plaintiff alleges that
3  defendant Warden has a duty to provide adequate law libraries, and defendants Gricewich,
4  Pfeiffer, Spray, Christensen, Olsen, and Garza also have duties to correct these problems.  (Pl.'s
5  Second Am. Compl. 3-4.)  Plaintiff alleges that he notified defendants Olsen, the senior librarian,
6  and Spray, librarian, of the inadequacies in the law library and what was necessary to bring the
7  library up to par.  (Pl.'s Second Am. Compl. 4-5.)

8  Plaintiff alleges that the inmate library committee attempted to resolve these issues, but
9  was obstructed by defendant Garza.  (Pl.'s Second Am. Compl. 5.)  Captain Travers allegedly
10 ordered the committee to cease any further actions.  (Pl.'s Second Am. Compl. 5.)

11 Plaintiff requests as relief monetary damages and injunctive relief.

12 **C.     Plaintiff's Claim - Access to the Courts and Adequate Law Library**

13 Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,
14 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the
15 inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil
16 rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances
17 or to litigate effectively once in court.  Id.

18 Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries
19 and legal assistance programs are only the means of ensuring access to the courts.  Id.  However,
20 actual law libraries may be replaced "with some minimal access to legal advice and a system of
21 court-provided forms such as those that contained the original complaints in two of the more
22 significant inmate-initiated cases in recent years . . . and . . . forms that asked the inmates to
23 provide only the facts and not to attempt any legal analysis."  Id. at 352 (citations omitted).

24 Because inmates do not have "an abstract, freestanding right to a law library or legal
25 assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law
26 library or legal assistance program is subpar in some theoretical sense."  Id.  Rather, an inmate
27 claiming interference with or denial of access to the courts must show that he suffered an actual
28 injury.  Id. at 351.

1   Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

Here, even though Plaintiff alleges an inadequate law library, Plaintiff fails to allege that he suffered an actual injury by being shut out of court. Plaintiff alleges at most that the law library is subpar, which could theoretically lead to Plaintiff suffering an actual injury. However, Plaintiff fails to allege that any such injury has occurred. Defendants' alleged failure to follow their own guidelines regarding the prison library does not rise to the level of a deprivation of Plaintiff's right to access the courts. Plaintiff points to no actual injury suffered, and thus does not state a claim upon which relief may be granted under § 1983 against any defendants.

**II.     Conclusion**

Plaintiff fails to state any cognizable claims against any defendants under § 1983. Plaintiff has been provided two opportunities to file an amended complaint, but has not plead a cognizable claim. Given the deficiencies, further leave to amend shall not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the foregoing reasons, the Court HEREBY ORDERS that Plaintiff's action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **August 20, 2009**           **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE