1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY REYES, | CASE NO. 1:08-cv-00709-DLB PC |
| Plaintiff, | ORDER DISREGARDING MOTION FOR EXTENSION OF TIME AS MOOT |
| v. | (Doc. 22) |
| WARDEN, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| Defendants. | |
| _____ / | (Doc. 23) |

## I.    Background

Plaintiff Ricky Reyes("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 20, 2009, the Court

dismissed Plaintiff's action with prejudice for failure to state any claims upon which relief may be

granted.  (Docs. 20, 21.)  On September 8, 2009, Plaintiff filed a motion for 10-day extension of

time to file a motion for reconsideration.  (Doc. 22.)  On September 14, 2009, Plaintiff filed his

motion for reconsideration.  (Doc. 23.)  The Court will consider Plaintiff's motion for

reconsideration as filed within a reasonable time.  Accordingly, Plaintiff's motion for an extension

of time to file a motion for reconsideration is DISREGARDED as moot.

## I.    Legal Standard

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

district court.  The Rule permits a district court to relieve a party from a final order or judgment

1

1  on grounds of:   "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by

2  an opposing party, . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The

3  motion for reconsideration must be made within a reasonable time.  Id.

4          Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

5  injustice and is to be used sparingly as an equitable remedy to prevent manifest injustice and is

6  to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d

7  737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted).  The moving party

8  "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal

9  quotation marks and citation omitted).  Local Rule 78-230(k) requires Plaintiff to show "what

10  new or different facts or circumstances are claimed to which did exist or were not show upon

11  such prior motion, or what other grounds exist for the motion."

12          "A motion for reconsideration should not be granted, absent highly unusual circumstances,

13  unless the district court is presented with newly discovered evidence, committed clear error, or if

14  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments

15  or present evidence for the first time when they could reasonably have been raised earlier in the

16  litigation."  Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th

17  Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

18  **III.     Discussion**

19          Plaintiff again raises the same arguments already raised in his complaint, which the Court

20  had found to fail to state a claim.  Plaintiff contends that defendants denied Plaintiff's meaningful

21  access to the courts because the prison law library is inadequate.

22          Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

23  518 U.S. 343, 346 (1996).  Inmates do not have the right to a law library or legal assistance.  Id.

24  at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the

25  courts.  Id.  However, actual law libraries may be replaced "with some minimal access to legal

26  advice and a system of court-provided forms such as those that contained the original complaints

27  in two of the more significant inmate-initiated cases in recent years . . . and . . . forms that asked

28  the inmates to provide only the facts and not to attempt any legal analysis."  Id. at 352 (citations

2

1   omitted).

2       Because inmates do not have "an abstract, freestanding right to a law library or legal

3   assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law

4   library or legal assistance program is subpar in some theoretical sense." Id.  Rather, an inmate

5   claiming interference with or denial of access to the courts must show that he suffered an actual

6   injury. Id. at 351.

7       Claims for denial of access to the courts may arise from the frustration or hindrance of "a

8   litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

9   meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536

10  U.S. 403, 412-15, 122 S. Ct. 2179, 2185-87 (2002). The first element requires that plaintiff show

11  he suffered an "actual injury" by being shut out of court. Christopher, 536 U.S. at 415; Lewis,

12  518 U.S. at 351.

13      Plaintiff protests an inadequate law library, but failed to allege that he has suffered an

14  actual injury by being shut out of court.  The alleged failure of one state prison to have a law

15  library comparable to other state prisons does not itself indicate a violation.  Speculation

16  regarding a future harm is not sufficient to state an access to the courts claim.  There has been no

17  change in the law since the Court's order dismissing Plaintiff's action on the same grounds.[1]

18      Based on the foregoing, Plaintiff's motion for reconsideration, filed on September 14,

19  2009, is DENIED.

20      IT IS SO ORDERED.

21  **Dated:   November 2, 2009**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

---

28      [1] Plaintiff's bare allegation of an Equal Protection and due process violation are also without merit.

3